Now why don't we turn to the second case in the calendar, Laboriel v. Lee, 21-338. We have Mr. Gerzog for the appellant. Got it right on the first try, Judge. So, and I understand you'd like to preserve three minutes for rebuttal. Yes, sir. So keep in mind you're free to either keep your mask on or take it off as you like and while you're at the podium. And if you could just speak into the microphone, that would be very helpful. All right. Can you hear me? Is this on? Yeah, just keep your be sure to keep your voice up because we're also streaming it. So we want everyone to hear. Very well. Everything you have to say. Very well. May it please the court. My name is Lawrence Gerzog and I represent Wilson Laboriel. Your Honors, Judge McLaughlin failed in his duty to inquire into the concerns raised by Mr. Laboriel about his attorney. Judge McLaughlin very glibly said, oh, this is a form that people use at Rikers Island. It's meaningless. Well, it was a form, right? I mean, there was a fill in the blank. It is a form. I have the form here. Unfortunately, as someone who's practiced in the state courts for many years, I can tell you that these complaints are not uncommon. There's nothing wrong with having a form that unfortunately includes things that happen all the time. But when you see a form where the only thing that's filled in manually is basically the identifying information of the complainant, that can reasonably raise the question in the judge's mind, is this actually specific to this case or is it such a generic non-case specific allegation that I don't know if it's really particular to this guy or he's just filling out a form. Well, there are specific statements in the form. But that are clearly not customized to this. That's true. But would it be different, Your Honor, if he had filled it out in longhand? If he had taken this form, copied it out, and filled in exactly these words in longhand? Well, I guess the question, right, is would that have allowed the district or the trial court to have made a different inference about, well, maybe this is something that he has personally alleged as opposed to just an allegation, basically a prepackaged allegation that everybody in the prison makes. And he's just lobbing it in there. Your Honor, I don't know that everybody in the prison makes it. I think, unfortunately, there are a number of people in the prison that have experienced the same difficulty. And the fact that the prison grapevine, if you want to call it that, has come up with a preprinted form, you know, people in Mr. Laboreal's situation do not always have the privilege of education. And it's, in a way, more helpful to the court for someone to, and as you read the form, you can see even in the form, the form is not the writing of a well-educated person, but it's helpful if the, so long as the allegations are true and they are sworn to. This is not just my lawyer's no good, my lawyer's not helping me. These are specific allegations. So can I ask you, with respect to the form, are you making the argument under which prong of 2254, that it was a violation of clearly established laws set by the Supreme Court, or that it was an unreasonable application of facts? The latter, Your Honor. The latter. The latter. Did I hear you correctly? Yes, ma'am. An unreasonable application of facts? Yes, ma'am. And here, there were no facts. What Judge McLaughlin did is taunt, essentially, with respect to Judge McLaughlin, taunt Mr. Laboreal and say- I think it's, you know, I take exception to that. This is a cold record. I'd be careful what you said. Having served in state court and having done criminal cases, I'd be careful. All right, I meant no- So stick, you don't have to characterize that. You don't have to demonize Judge McLaughlin. Just stick to the legal analysis. I practiced before Judge McLaughlin, and I'm not intending to demonize him. The point is that what Judge McLaughlin said was, how is any other lawyer going to get you out from under this videotape? Which is not the question. Well, but I guess that, I don't see how those comments really relate to your claim with respect to the form, of whether the form was putting the judge on notice, such that it was unreasonable for the court to look at that form and say it's a form. These are generic allegations. They're not made specifically with respect to this defendant. They don't identify any particulars. And even though they are specific in the sense that they say, well, my lawyer hasn't met with me for more than two to three minutes, it's clear that this is just a prepackaged allegation that various people are all going to be labeling. Why is that an unreasonable factual determination? Because if someone makes a sworn allegation, it is the judge's, the judge cannot, is not, should not, cannot dismiss it, because it's not in the evidence. When was the form handed to Judge McLaughlin? Early on in the proceeding. Early on. I couldn't tell you the date. Shortly after the arraignment, right? Yes, sir. Prior to discovery, before defense counsel had a chance to review the videotape, correct? That's correct. And so the defendant's complaint is, I can't talk to my lawyer, and the lawyer is in a position where the lawyer hasn't had a chance, and the judge knows this, because it occurs at a time when there's a discussion, actually, about discovery to take place, doesn't it? Well, what happens is the judge seems fixated on the tape. The judge keeps talking about the tape, the tape, the tape. The tape has you nailed. You know, the tape is dispositive. Well, the state had a fairly substantial case. They had him on videotape. His defense was, that's not me. Right. It looks like me, but it's not me. The jury didn't believe it, ultimately. And so the judge said to him, you know, frankly, what happens here is he says, my lawyer is not talking to me, in essence, but it's at a point in time when the defense lawyer hasn't had any opportunity to seriously evaluate the case. Well, Your Honor, I don't So he has to do a searching inquiry when he knows that at this point in time the defense lawyer is unable to formulate an opinion with regard to the strength of the people's case? There's the difference between going in to see your client and discussing a very detailed analysis of the case. Here are the elements of the crime. Here are the ways the government intends to prove that crime, et cetera, et cetera. If you are representing someone and That may be good practice, but the question is whether this violates something that's clearly established by the United States Supreme Court. Well, no, no, Judge. I'm not relying on the first prong of 2254. Okay. So I'm not claiming that there's a precedent, a United States Supreme Court precedent. May I? Please, go ahead. I want to ask questions along the lines of what Judge Leslie started to ask you. After the form is presented to the court, counsel then, if I understand the record, does review the video evidence and he requests an adjournment to meet with petitioner to review the evidence together, correct? Correct. All right. Then we go to the January 15th hearing where the petitioner says he wants a lawyer that can speak with him and communicate with him. That was what counsel sought an adjournment for, and so the court says, let me see and hear from you about what happens between now and January 31st with respect to the video. I'm not telling you what I'll do, but the situation will be different on January 31st. There will have been more time, and you'll see whatever the prosecution thinks they have. In short, why shouldn't we view the factual record as one in which the court thought your client's requests were premature and he wanted to await the time when counsel did have an opportunity to first review the evidence, then to discuss it with your client, then to see what your client, the petitioner, wanted to do about it, which ultimately he decided to reject a plea deal. But why isn't that a way to look at the factual record? Because I think, Your Honor, what was happening is Judge McLaughlin, who was seen to be fixated on this tape is so damaging that you'd be, Mr. Laborio, that you'd be foolish to, I mean, it is your right to go to trial, et cetera, but this, you're a sitting duck, and you really ought to look at this tape. Well, that's a different issue. I mean, you're not challenging this conviction on the ground that the court tried to pressure him in some way into taking a guilty plea. That's not your argument, correct? That's correct, Judge. All right. The argument is that he didn't adequately consider substituting counsel, and you've said it's a factual challenge. I'm suggesting to you that the facts show a judge who did not want the defendant to make any decisions prematurely. Why isn't that an accurate way to look at the record, especially deferentially on habeas review? There's nothing wrong with the judge saying, give him a chance, give your lawyer, you've complained that you haven't seen your lawyer enough. Give him a chance to look at the evidence, give him a chance to see the evidence. And then he promised, but then he promised that on January 31st, after all this happened, he would revisit the issue of whether Mr. Laborio wanted another lawyer. That never happened. But then at the January 31st appearance, the petitioner did not raise the issue of substitute counsel. Well, he had raised it already, and I don't think it's his obligation to continue to raise it each time. Well, the court told him, let's wait and see where things are after January 31st, which can be construed as let's wait to see if you're still of this view after you've had a chance to consult with your lawyer and see the evidence. It could be construed that way, but in fact, Your Honor, it could also be construed very likely. I'm sick and tired of you asking me for another lawyer. Well, remember, we're on ADPA review. I mean, you have to suggest that the facts, the state court erroneously construed these facts. There are no facts, Judge. There were no facts found. Mr. Gertzog, maybe I'm not being clear on this, but the state court, what I'm viewing is the facts to you are facts showing that the district court was trying not to have your client make a premature decision. Well, there's no premature decision until the only premature decision might have been a change of counsel, not a premature decision to go to trial or plead guilty. The problem is that my client, Mr. Laborio, felt neglected by his trial counsel, even though Your Honor makes the point, which is a valid point, that it's possible that trial counsel did not have everything available to him and could not make a full explanation of what the evidence would be. But nevertheless, Mr. Laborio felt, and I think reasonably so, that his lawyer was not, he alleged that his lawyer hadn't visited him. He alleged that his lawyer hadn't taken his calls and put herself in the position, as ridiculous as it may sound, of being Mr. Laborio, who is charged with very serious crimes. Initially, he was sentenced to 30 years, and he's got this appointed lawyer. He's never met him before, and the guy's not showing up, and the guy's not answering the phone. And Judge McLaughlin decided that because it was on a pre-printed form, it couldn't be true. But it's sworn to. So unless- Well, why don't we do this, Mr. Zugg? You've reserved three minutes for rebuttal, so why don't we hear from Ms. Mayroth? Yes, sir. And then we'll come back to you for your rebuttal time. Thank you, Judge. Thank you. May it please the Court. My name is Michelle Mayroth, and I represent William Lee. Whether a petitioner is arguing the constitutional violation under D-1 or D-2, he still needs to prove a constitutional violation. The Supreme Court has never held that an indigent defendant, like Petitioner, who has otherwise received competent representation, can have his conviction set aside based on the state trial court's failure to make a detailed inquiry into complaints about counsel's performance in support of a request for substitute counsel. And Petitioner here cannot prove a Sixth Amendment violation because the record clearly shows that counsel did everything that a criminal defense attorney should be expected to do before and during trial. Counsel filed suppression motions and made motions in limine, entertained plea bargain offers, discussed them with Petitioner, reviewed discovery with Petitioner, cross-examined witnesses, presented Petitioner's mistaken identity defense, and presented Petitioner's testimony. Petitioner does not seriously contend that counsel's performance fell short or elucidate how a supposed communication breakdown might have impaired his defense. Is that effectively a harmlessness inquiry that you're suggesting, that because Mr. Laboreal had effective counsel, any defect in the inquiry could not have deprived him of the Sixth Amendment rights? Is that the essence of what you're arguing when you make that point? Yes. Okay. And in any event, as the Court touched on, Justice McLaughlin did inquire about Petitioner's complaints. He acknowledged that the motion had been filed, issued an order saying, on January 7th, we'll deal with this this afternoon. Petitioner wasn't produced that afternoon. When Petitioner came to court on January 15th, the Court was very focused on let's get this discovery viewed. This defendant needs to see the evidence against him. And so he pressed the assistant district attorney to facilitate a viewing at the district attorney's office, and notably that spoke directly to one of Petitioner's complaints that their only interaction had been in jail. The Court pressed defense counsel and the prosecutor, facilitate a viewing at the prosecutor's office. And this happened. And so during this calendar call, after the Court had arranged for this viewing, Petitioner said, reassignment of counsel. And the Court said, I just addressed that, meaning I just addressed the substance of your written motion by what I'm trying to do. You're complaining that you don't get to have meaningful interaction with your attorney outside of a jail cell. I am arranging that for you. And the Court said, on January 31st, we will see if things are different. And if they are different, then we'll deal with what you expect of your lawyer. And when they returned to court on January 31st, Petitioner didn't make another complaint. He's never made another complaint. He didn't make another complaint until his appeal. And in any event, even under this Court's Doe standard, there was no, I mean, as was discussed during Petitioner's argument, there was really no duty to inquire. These were generic complaints given the stage of trial. Well, Doe doesn't really matter, right? Because we have to measure the State Court's performance by reference to clearly established presence of the Supreme Court, right? Right. But this is the question that was certified for this appeal. So, you know, applying Doe, these were generic complaints about, I'm not spending enough time with my attorney. These weren't complaints like, I want to argue mistaken identification and my attorney wants to argue that these guns weren't operable. Like, clear conflicts over trial strategy. Nothing like that was complained about in this motion. And if there are no further questions, I'll rely on my brief. No, thank you very much. Mr. Grzeszak, you have reserved three minutes for rebuttal. We will hear from you. Thank you, Your Honor. What I think I heard my adversary say was that when this type of claim comes up, you have to wait until the trial is over to see if the lawyer conducted the trial in a way that met the very minimal standards of effective assistance of counsel. I thought it was more of a harmlessness, meaning because it came to us in a posture that's after the fact, we can have the benefit of seeing whether counsel was effective, and if counsel was effective, then you have no Sixth Amendment violation. Well, the problem is that we don't know because Judge McLaughlin didn't make inquiry as to exactly what the problem was, as to what Mr. Laborio felt was lacking in the relationship between him and his lawyer. Your rule is on the first complaint about, I haven't talked to my lawyer. There has to be a probing inquiry surging as to whether the attorney-client relationship is broken down. Is that it? I don't think there has to be a factual evidentiary hearing. I think all you have to do is say, Mr. Trial Lawyer, have you met with Mr. Laborio? Yes or no? Why not? The judge said, wait until he hasn't had any discovery yet. After you meet with him, after he's had discovery, then there will be an opportunity for a meaningful conversation. Then there will be an opportunity on the 31st to see if you've been able to talk about something, and he registered no complaint. What more needs to be done? What more needs to be done, Judge, is when the affidavit, and again, I acknowledge that it's a printed affidavit, but it doesn't make it any less valid. It's sworn to. No one is suggesting that it's false. People are unhappy with their lawyers all the time, and regularly someone would say, I haven't talked to my lawyer, and you're saying that a judge at that point in time can't say to the client, well, he hasn't had, she hasn't had the benefit of the discovery yet. After she's had the benefit of the discovery, if you still have a communication problem about it, tell me about it. Is that okay? What the judge should say to him. No, just answer my question. Is that okay? Depends on the circumstances, Judge. So he won't answer my question. What are the circumstances? The circumstances are that there should be some inquiry, not necessarily. So the answer is no? I suppose. Okay, thank you. So I guess now I understand you to be moving into the clearly established law prong about what a trial judge has to do under the Sixth Amendment or doesn't have to do. No, what I'm saying, Judge, with respect, is that Judge McLaughlin's failure to establish a factual basis for not replacing counsel or not even considering replacing counsel means that there was no, that it was inherently unreasonable. But what he did was unreasonable. That seems to me to be a question of whether there was clearly established law from the Supreme Court saying what he had to do or not. And I don't, one of the problems I had with your brief is I didn't see, even in your reply brief you identified two cases that I didn't think were even remotely on point. I don't see any Supreme Court cases saying what sort of inquiry a trial judge is obliged to perform in these circumstances. We have Second Circuit case law, and you may very well be right that the Sixth Amendment requires such a thing to happen. But the question under AEDPA is not is it what the Sixth Amendment requires, but has the Supreme Court said that is what is required? What Supreme Court case can you point to that says this is required? My understanding of the law, Judge, is that AEDPA No, which case? It's not your understanding of the law. What Supreme Court case creates your understanding of the law? Again, I'm not, I don't have one. I'm not relying on that aspect of the law. What I'm saying is that AEDPA says that the only way a federal court can overturn the finding of a state court is if they find that there's an unreasonable reliance on the record. Here there is no record. It's got to be clear, it's got to be that the record is, it's got to be that the judge conflated cases and thought that the facts of one were the facts of another. I mean, it can't just be that we disagree with the factual analysis of the state court. That there is case law. Of course, of course. All right, so I'm still having a problem understanding what you think is the factual error here. The factual error is that there were no facts. The factual error was that That's a legal challenge. You're complaining that the judge failed to make fact findings when he was legally obligated to do so. What I'm complaining about is that there was no, there was no even attempt to establish a factual record that the judge could then say, well, it's not unreasonable. That's a legal argument. That the judge did not make fact findings when he was legally obligated to do so. And you don't have clearly established law that in these circumstances, a judge must make fact findings at a particular point in the proceedings rather than waiting as he did. Or am I missing something? If the judge is held to the standard of unreasonable, of having to reasonably rely on the record, and there is no record, and the fact that there is no record is because the judge has failed to ask the questions. I understand that's your argument, but you don't have, you try to characterize it as an error of fact when I'm suggesting to you it's an error of law for which you don't have clearly established Supreme Court precedent. If I'm mistaken in that, I'd like you to explain it to me. Your time is up, and I just want to be sure I understand how you can plausibly argue that this is an error of fact. My suggestion, as I hoped I had made clear, was that it's an error of fact to deny, to ignore someone's request for new counsel without inquiring into the... It's an error of law. All right. Thank you. Thank you very much. All right, we have your argument. Thank you both. We will take the case under advisory.